UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MIBELLOON DAIRY, LLC, )<br>             Plaintiff, ) | |
| ) | No. 1:21-cv-29 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| PRODUCERS AGRICULTURE )<br>INSURANCE COMPANY, *et al.*, )<br>             Defendants. )<br>_____) | |

### ORDER ADOPTING REPORTS AND RECOMMENDATIONS AND DENYING MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Currently pending are two reports with recommendations and a motion for leave to file a second amended complaint. The Court will adopt the two reports and will deny the motion for leave to amend the complaint.

Plaintiff Mibelloon Dairy sued Producers Agriculture Insurance (Producers), Breckenridge Insurance and Jessica Godley. (ECF No. 16 Amended Complaint.) Godley and Breckenridge, in turn, filed amended crossclaims against Producers. (ECF No. 19 Amended Crossclaim.) Producers then filed a motion to dismiss the amended complaint (ECF No. 21) and a motion to dismiss the amended crossclaims (ECF No. 30). Producers argues that, under the terms of its agreements with Plaintiff and with Cross Plaintiffs, the disputes must be resolved in arbitration.

The Magistrate Judge issued a report and recommendation for each motion. The Magistrate Judge recommends granting Producers' motion against Plaintiff and compelling arbitration. (ECF No. 41.) Plaintiff filed objections. (ECF No. 42.) As part of its objection,

Plaintiff "acknowledges" that it "may have stated the nature of the contract claim imprecisely; the contract that Defendants breached may more properly be characterized as an agreement to procure insurance for Plaintiff." (PageID.586 n.1.)

The Magistrate Judge recommends granting Producers' motion against Cross Plaintiffs in part. (ECF No. 47.) The Magistrate Judge concludes that Breckenridge must arbitrate its dispute with Producers. The Magistrate Judge concludes that Godley does not have to arbitrate her claims against Producers. Producers filed an objection. (ECF No. 56.) And, Plaintiff filed an objection. (ECF No. 57.)

Approximately three weeks after Plaintiff filed its objections to the first Report and Recommendation, Plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 49.) Plaintiff seeks to amend its breach of contract claim to more accurately reflect the "contract-forming relationship." (PageID.629.)

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

II.

In the two R&Rs, the Magistrate Judge provides succinct yet comprehensive background of the relevant federal statutes and agencies, as well as the relationships between the parties. The Court provides a brief summary here for context.

Congress created a government-owned corporation, the Federal Crop Insurance Corporation (FCIC), within the United States Department of Agriculture (USDA). The Risk Management Agency (RMA), a part of USDA, manages FCIC, which approves federally subsidized crop insurance policies. Approved insurance providers then sell the crop insurance policies through a public-private partnership. One type of insurance authorized by FCIC is known as Dairy Revenue Protection (DRP), which protects participant dairy farmers from quarterly revenue losses caused by fluctuations in milk prices. Defendant Producers is one of the approved insurance providers.

Defendant Breckenridge Insurance has a contract with Defendant Producers. Breckenridge Insurance has an agency agreement with Producers allowing Breckenridge to sell and service crop insurance policies on behalf of Producers. Godley works for Breckenridge Insurance.

Plaintiff applied for and was issued a DRP policy from Breckenridge Insurance in October 2018, No. 26-978-5000046. At that time, Plaintiff purchased Quarterly Coverage Endorsements (QCE) for the second, third and fourth quarters of 2019 and the first quarter of 2020.

This lawsuit arises from Plaintiff's attempt to secure QCEs for the second, third and fourth quarters of 2020. Plaintiff alleges, on January 20, 2020, it contacted Godley. That

day was a holiday and RMA did not post or release dairy rates that day. After RMA posted rates on Tuesday, January 21, Godley and Plaintiff exchanged emails and Plaintiff confirmed that it wanted to lock in the January 21 rates for DRP coverage for the last three quarters of 2020. Plaintiff pleads that, on January 21, through Breckenridge and Godley, it entered into QCEs with Producers for the final three quarters of 2020.

On May 4, 2020, Producers mailed Plaintiff a letter denying coverage. In the letter, Producers explains that it received Plaintiff's information which "was entered into the ProAgWorks system but was not transmitted to RMA timely." (ECF No. 16-6 PageID.294.)

A.  R&R ECF No. 41 - Motion to Dismiss / Compel Arbitration - Plaintiff

The Magistrate Judge finds that the contract between Plaintiff and Producers requires those parties to arbitrate their disputes and, therefore, recommends granting Producer's motion to dismiss.

Plaintiff objects. Plaintiff argues that because Producers failed to timely submit the QCEs, the document containing the arbitration clause is not an enforceable contract. Plaintiff reasons that if no federal crop insurance policy existed, then its state law claims cannot be preempted.

The Court OVERRULES Plaintiff's objection. The Magistrate Judge correctly interpreted the terms of the DRP policy. The policy containing the arbitration clause became effective in 2018 when Plaintiff applied for and was issued the DRP Insurance Policy No. 26-978-5000046. Section 2 of the policy—Life of Policy, Cancellation, and Termination—subsection (d) provides

> This is a continuous policy and will remain in effect for each crop year following the acceptance of the original application until cancelled by you in accordance with the terms of the policy or terminated by operation of the terms of the policy or by us.

(PageID.16-2 PageID.258.) Plaintiff has not pled that it cancelled the policy or that the policy was terminated by operation of its terms or that Producers terminated the policy. Failing to purchase quarterly insurance, either intentionally or unintentionally, does not cancel the policy.

This interpretation of the policy is consistent with the guidance set forth in the DRP Insurance Standards Handbook, a document Plaintiff attaches to the amended complaint (ECF No. 16-1) and refers to in paragraph 10 of the complaint. The Handbook indicates that the policy takes effect when an application is accepted. "Dairy Revenue Protection is a continuous policy and will remain in effect for each crop year following the acceptance of the original application until cancelled by the insured or AIP in accordance with the terms of the policy." (PageID.208.) The Handbook recommends that the milk producer complete the initial application *before* electing coverage for a QCE "to ensure that the producer is eligible to participate in the crop insurance program." (*Id.*) This recommendation supports the Magistrate Judge's interpretation of the policy; the policy can exist and be binding on the parties without having an QCE in effect.

B.  R&R ECF No. 47 - Motion to Dismiss / Compel Arbitration - Cross Plaintiffs

The Magistrate Judge finds that the contract between Producers and Breckenridge Insurance requires those two parties to arbitrate their disputes. The Magistrate Judge also finds that the same contract does not require Godley to arbitrate her dispute with Producers.

The Magistrate Judge therefore recommends granting Producer's motion to dismiss in part and denying the motion in part.

Producers objects. (ECF No. 56.) Producers relies on authority establishing that nonsignatories can be bound to an arbitration agreement under certain circumstances. Alternatively, Producers argues that if Godley is a subagent and not an agent, then she cannot seek indemnification from Producers under the contract to which she is not a party.

The Court OVERRULES Producers' objections. The terms of this contract distinguish the dispute between Godley and Producers from the disputes in the opinions cited by Producers. The explicit terms of this contract distinguish between an agent and a subagent. And, this contract requires agents, not subagents, to resolve disputes through arbitration. For Producers' argument in the alternative, the Court declines to dismiss Godley's claims. Producers filed a motion to dismiss based on an arbitration clause. Producers raises a new argument in its objection, one that relies on an entirely different legal proposition. This is not a proper objection to the report and recommendation.

Plaintiff also objects. (ECF No. 57.) In this R&R, the Magistrate Judge does summarize the DRP Insurance Policy. Plaintiff relies on the arguments advanced in its objections to the first R&R. The Court OVERRULES Plaintiff's objections for the same reasons that the objections were overruled for the first R&R.

### III.

Plaintiff filed a motion for leave to file a second amended complaint. (ECF No. 48.) Plaintiff seeks to clarify the basis for its breach of contract claim. Producers opposes the motion and argues that the proposed amendment would be futile. The Court agrees.

Rule 15(a)(2) permits a party to amend its pleadings with the court's leave, which should be "freely give[n] . . . when justice so requires." "One reason to deny leave is futility of amendment. A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Parchman v. SLM Corp.*, 896 F.3d 728, 237-38 (6th Cir. 2018) (internal citation, citation and quotation marks omitted).

For the reasons provided in the first R&R, the Court concludes that Plaintiff's proposed second amended complaint would not avoid the enforcement of the arbitration clause in the DRP policy. Therefore, the proposed second amended complaint could not withstand the pending Rule 12(b)(6) motion filed by Producers against Plaintiff. Accordingly, the Court DENIES Plaintiff's motion for leave to file a second amended complaint. (ECF No. 48.)

## IV.

The Court agrees with the Magistrate Judge's findings of fact, conclusions of law and recommendations. The DRP policy's arbitration clause applies to Plaintiff's breach of contract claim against Producers. And, Plaintiff's state law claims against Producers are preempted and must be dismissed. The arbitration clause in the contract between Producers and Breckenridge Insurance requires Breckenridge to arbitrate its crossclaims against Producers. The arbitration clause does not require Godley to arbitrate her crossclaims against Producers. The Court concludes that Plaintiff's proposed second amended complaint does not avoid the arbitration clause and, therefore, the proposed pleading would be futile.

## ORDER

Consistent with the accompanying Opinion,

1. The Court **ADOPTS** as its Opinion the first Report and Recommendation (ECF No. 41) and **GRANTS** Producers' motion to dismiss and to compel arbitration against Plaintiffs (ECF No. 21). The Court dismisses Plaintiff's breach of contract claim against Producers so that Plaintiff can pursue that claim in arbitration. The Court dismisses Plaintiff's state law claims against Producers.

2. The Court **ADOPTS** as its Opinion the second Report and Recommendation. (ECF No. 47.) The Court **GRANTS IN PART** Producer's motion to dismiss and to compel arbitration against Cross Plaintiffs Breckenridge Insurance and Godley. (ECF No. 30.) The Court dismisses Cross Plaintiff Breckenridge's crossclaims against Producers so that Breckenridge can pursue those crossclaims in arbitration.

3. The Court **DENIES** Plaintiff's motion for leave to file a second amended complaint. (ECF No. 48.)

**IT IS SO ORDERED.**

Date:   February 18, 2022                           /s/  Paul L. Maloney
                                                   Paul L. Maloney
                                                   United States District Judge